

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Nicole F. Mastropieri
Assistant United States Attorney

970 Broad Street, Suite 700   Direct Dial: (973) 645-2748
Newark, New Jersey 07102

PLEA.AGR/NFM & HMB

December 20, 2021

Alyssa A. Cimino, Esq.
Cimino Law, LLC
376 Hollywood Ave.
Suite 206
Fairfield, New Jersey 07004

Re: <u>Plea Agreement with Nicco Romanowski</u>

Dear Ms. Cimino:

This letter sets forth the plea agreement between your client, Nicco Romanowski, and the United States Attorney for the District of New Jersey ("this Office"). This Office's offer to enter into this plea agreement will expire on January 3, 2022, if a signed copy is not received by this Office on or before that date.

<u>Charges</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Nicco Romanowski to a two-count Information, charging him with, from in or about June 2017 to in or about May 2019, knowingly and intentionally conspiring to: (1) violate the Federal Anti-Kickback Statute by knowingly and willfully soliciting, receiving, offering, and paying illegal remuneration, that is kickbacks and bribes, contrary to 42 U.S.C. § 1320a-7b(b)(1)(A) and (b)(2)(A), in violation of 18 U.S.C. § 371 (Count 1); and (2) commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349 (Count 2).

If Nicco Romanowski enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Nicco Romanowski for, from June 2017 through May 2019, receiving, soliciting, offering, and/or paying kickbacks and bribes in connection with obtaining prescriptions and doctor's orders for medications and durable medical equipment, committing health care fraud in connection with those transactions, and conspiring with others to commit these offenses.



However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Nicco Romanowski agrees that any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Nicco Romanowski may be commenced against him, notwithstanding the expiration of the limitations period after Nicco Romanowski signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 charged in Count 1 of the Information to which Nicco Romanowski agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine which is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1349 charged in Count 2 of the Information to which Nicco Romanowski agrees to plead guilty carries a statutory maximum penalty of ten years' imprisonment and a statutory maximum fine which is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Nicco Romanowski is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Nicco Romanowski ultimately will receive.

Further, in addition to imposing any other penalty on Nicco Romanowski, the sentencing judge, with respect to both Count 1 and Count 2: (1) will order Nicco Romanowski to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Nicco Romanowski to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; (3) must order criminal forfeiture pursuant to 18 U.S.C. § 982(a)(7); (4) may order Nicco

Romanowski, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (5) pursuant to 18 U.S.C. § 3583, may require Nicco Romanowski to serve a term of supervised release of not more than three years on each of Counts 1 and 2, which will begin at the expiration of any term of imprisonment imposed. Should Nicco Romanowski be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Nicco Romanowski may be sentenced to not more than two years' imprisonment per count, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution Agreement

Nicco Romanowski agrees to make full restitution for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying these offenses. The calculation of the losses resulting from the offenses of conviction is ongoing; however, the parties agree that the loss amount is at least $127,600,000.

Monetary penalties imposed by the Court will be: (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Nicco Romanowski by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Nicco Romanowski's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Nicco Romanowski agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject



any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Nicco Romanowski from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Nicco Romanowski waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

As part of his acceptance of responsibility, Nicco Romanowski agrees to forfeit to the United States of America: pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, Nicco Romanowski obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the Federal health care offenses charged in Counts 1 and 2 of the Information, and all property traceable to such property, which Nicco Romanowski agrees was approximately $5,519,219.

Nicco Romanowski further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the aggregate value of the forfeitable property described above, in an amount not to exceed $5,519,219 (the "Money Judgment"). Nicco Romanowski consents to the entry of an order requiring him to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Nicco Romanowski's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Nicco Romanowski further agrees that the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Nicco Romanowski further agrees to forfeit all of his right, title, and interest in the property listed on the attached Schedule B, which Nicco Romanowski admits has the requisite nexus to the offenses charged in the Information and therefore is forfeitable to the United States of America pursuant to 18 U.S.C. § 982(a)(7) (the "Specific Property"). Nicco Romanowski understands and agrees that the list of property on Schedule B does not include all of the property he is required to forfeit. Nicco Romanowski further understands and agrees that he is obligated under this plea agreement to forfeit all of his right, title, and interest in all property he obtained that constitutes or is derived from gross proceeds traceable to the federal health care fraud offenses charged in Counts 1 and 2 of the Information, and all property traceable to such property; as well as substitute assets as necessary to satisfy the Money Judgment. Any forfeited money and the net proceeds from the disposition of the Specific Property will be applied to the Money Judgment, in partial satisfaction thereof. Any money forfeited by Nicco Romanowski, and the net proceeds from the disposition of the Specific Property, will be credited to the Money Judgment. The total amount forfeited from Nicco Romanowski may not exceed $5,519,219, and Nicco Romanowski's forfeiture liability shall be discharged if and when the United States recovers that amount in forfeiture.

Nicco Romanowski further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981(a)(1)(C). Nicco Romanowski agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Nicco Romanowski has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. Nicco Romanowski further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

- 5 -



Nicco Romanowski waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Nicco Romanowski understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Nicco Romanowski waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Nicco Romanowski's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Nicco Romanowski further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Nicco Romanowski fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Nicco Romanowski has intentionally failed to disclose assets on his Financial Disclosure Statement, Nicco Romanowski agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

<u>Immigration Consequences</u>

Nicco Romanowski understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Nicco Romanowski understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Nicco Romanowski wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Nicco Romanowski understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Nicco Romanowski waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack



challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Nicco Romanowski. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Nicco Romanowski.

No provision of this agreement shall preclude Nicco Romanowski from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Nicco Romanowski received constitutionally ineffective assistance of counsel.



## No Other Promises

This agreement constitutes the plea agreement between Nicco Romanowski and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: *[signature]*

Nicole F. Mastropieri
Hayden M. Brockett
Assistant U.S. Attorneys

APPROVED:

*[signature]*

Lee M. Cortes, Jr.
Chief, Health Care Fraud Unit

I have received this letter from my attorney, Alyssa A. Cimino, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 02/11/2022
Nicco Romanowski

I have read and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 2/11/2022
Alyssa A. Cimino, Esq.

- 9 -



## Plea Agreement with Nicco Romanowski

## Schedule A

1. This Office and Nicco Romanowski recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Nicco Romanowski nevertheless agree to the stipulations set forth here, and agree that the Court should sentence Nicco Romanowski within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Nicco Romanowski further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

### Count 1 — Conspiracy to Solicit, Receive, Offer, and Pay Kickbacks

3. The applicable guideline is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense for Count 1 is the solicitation, receipt, offering, and payment of kickbacks, the applicable guideline is U.S.S.G. § 2B4.1.

4. The Base Offense Level is 8. U.S.S.G. § 2B4.1(a).

5. Because the value of the improper benefit to be conferred was more than $65,000,000 but not more than $150,000,000, there is an increase of 24 levels. U.S.S.G. §§ 2B4.1(b)(1)(B), 2B1.1(b)(1)(M).

6. Accordingly, the total offense level for Count 1 is 32.

### Count 2 — Conspiracy to Commit Health Care Fraud

7. The applicable guideline is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense for Count 2 is health care fraud, the applicable guideline is U.S.S.G. § 2B1.1.

8. Because the offense of conviction does not have a statutory maximum term of imprisonment of 20 years or more, this guideline carries a Base Offense Level of 6. U.S.S.G. § 2B1.1(a)(2).

9. Because the offense involved losses totaling more than $65,000,000 but not more than $150,000,000, the Specific Offense Characteristic results in an increase of 24 levels. U.S.S.G. § 2B1.1(b)(1)(M).

10. Because the offense was committed through mass marketing, the Specific Offense Characteristic results in an increase of 2 levels. U.S.S.G. § 2B1.1(b)(2)(A)(ii).

11. Because Nicco Romanowski was convicted of a Federal health care offense involving a Government health care program and the loss amount associated with that offense was more than $20,000,000, the offense level is increased by 4 levels. U.S.S.G. § 2B1.1(b)(7)(iii).

12. Accordingly, the total offense level for Count 2 is 36.

## Grouping of Multiple Counts

13. The Government and Nicco Romanowski agree that the conspiracy to receive kickbacks and the conspiracy to commit health care fraud are grouped together into a single group because those counts involve "substantially the same harm" under U.S.S.G. § 3D1.2(d). The offense level for this group, pursuant to U.S.S.G. § 3D1.3(b) is the highest offense level of the counts in the Group, or 36. Accordingly the total combined offense level is 36.

## Acceptance of Responsibility and Plea

14. As of the date of this letter, it is expected that Nicco Romanowski will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offenses and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Nicco Romanowski's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

15. As of the date of this letter, it is expected that Nicco Romanowski will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a



further 1-point reduction in Nicco Romanowski's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Nicco Romanowski enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Nicco Romanowski's acceptance of responsibility has continued through the date of sentencing and Nicco Romanowski therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Nicco Romanowski's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

16. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Nicco Romanowski is 33 (the "agreed total Guidelines offense level").

17. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 33 is reasonable.

18. Nicco Romanowski knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 33. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 33. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

19. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.



## Schedule B

1.  All funds on deposit in JPMorgan Chase account no. XXXXX2579, held in the name of Platinum Funding Associates, LLC (approximately $639,573.86);

2.  All funds on deposit in JPMorgan Chase account no. XXXXX3192, held in the name of Platinum Funding Associates, LLC (approximately $125,874.22);

3.  One 2015 Ferrari Berlinetta, VIN ZFF74UFA7F0209644;

4.  One 2018 BMW X6, VIN 5YMKW8C53J0Y74493;

5.  One 2019 Lamborghini Huracán, VIN ZHWUC2ZF0KLA11393;

6.  One 2018 Dodge Caravan, VIN 2C4RDGCG0JR268292;

7.  One 2018 Dodge Caravan, VIN 2C4RDGEG0JR223866;

8.  One 2018 Dodge Caravan, VIN 2C4RDGCG4JR267145;

9.  All funds and other property held or managed by Caxton Alternative Management A/K/A CAM Capital in the name of, or for the benefit of Nicco Romanowski, or any entity owned, managed, or controlled, in whole or in part, by Nicco Romanowski, including but not limited to Platinum Funding Associates, LLC, in any and all investments, loan transactions, dividends, and returns on investment; and

10. Any and all interest held by, in the name of, or for the benefit of Nicco Romanowski, or any entity owned, managed, or controlled, in whole or in part, by Nicco Romanowski, including but not limited to Platinum Funding Associates, LLC, in any and all investments, loan transactions, dividends, and returns on investment, in the following:

    (a) TVT Capital LLC;

    (b) C6 Capital, LLC;

    (c) ACH Capital LLC;

    (d) Worldwide Capital Management, Inc.;

    (e) Lendtek Capital Funding, LLC a/k/a Lendtek;

    (f) Stacked Capital;



(g) Broad Street Capital Group;

(h) Lilogy; and

(i) Kalamata Capital Group LLC.