2022R00250/KMR/BAW/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Esther Salas, U.S.D.J. |
| v. | : | Crim. No. 23-1075 (ES) |
| NICCO ROMANOWSKI, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | *(MONEY JUDGMENT)* AND PRELIMINARY ORDER OF |
| | : | FORFEITURE AS TO SPECIFIC PROPERTY *(FINAL AS TO THE* |
| | : | *DEFENDANT)* |

WHEREAS, on or about December 19, 2023, defendant Nicco Romanowski pleaded guilty pursuant to a plea agreement with the United States to a two-count Information charging him with conspiring to: (1) violate the Federal Anti-Kickback Statute by knowingly and willfully soliciting, receiving, offering, and paying illegal remuneration, that is kickbacks and bribes, contrary to 42 U.S.C. § 1320a-7b(b)(1)(A) and (b)(2)(A), in violation of 18 U.S.C. § 371 (Count 1); and (2) commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349 (Count 2). In the plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, the defendant obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the Federal health care offenses charged in Counts 1 and 2 of the Information, and all property traceable to such property, which the defendant agreed was approximately $5,519,219. In the

plea agreement, the defendant further acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets in an amount not to exceed $5,519,219 (the "Money Judgment").

The defendant further agreed to forfeit to the United States all of his right, title, and interest in the the property listed on the attached Exhibit A, which the defendant admits has the requisite nexus to the offenses charged in the Information.

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; acknowledged he understood that the imposition of the Money Judgment is part of the sentence that may be imposed in this case; waived any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment. The defendant further understands that he has no right to demand that any forfeiture of his assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## *Money Judgment*

1.  All property, real or personal, that constitutes or is derived from gross proceeds obtained by the defendant that are traceable to the commission of the Federal health care offenses charged in Counts 1 and 2 of the Information, to which the defendant has pleaded guilty, is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(7).

2.  The defendant having conceded that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the proceeds the defendant obtained, which was $5,519,219. A money judgment in the amount of $5,519,219 (the "Money Judgment") is hereby entered against the defendant, pursuant to 18 U.S.C. § 982(a)(7), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3.  All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4.  Until the defendant is sentenced, the United States Marshals Service shall deposit all payments on the Money Judgment in its Seized Assets Deposit Account. After the defendant is sentenced and the Judgment is entered on the

docket, all payments on the Money Judgment shall be forfeited to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p), and shall be deposited in the Assets Forfeiture Fund.

### *Forfeited Specific Property*

5. As a further result of the defendant's conviction of the offenses charged in the Information, pursuant to 18 U.S.C. § 982(a)(7) and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title, and interest in the property listed on the attached Exhibit A (the "Specific Property"), which the defendant admits has the requisite nexus to the offenses charged in the Information, is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States, its agent, or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

7. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8.  Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition.  The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

9.  Any person, other than the defendant, claiming an interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rules G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

10.  Upon adjudication of all third-party interests, and after the defendant is sentenced and the Judgment is entered on the docket, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

### *Other Provisions*

11.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made a part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

12.     Any forfeited money and the net proceeds derived from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

13.     Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

14.     The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $5,519,219.

15.     This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

Dated: 12/19/2023

_____
HON. ESTHER SALAS, U.S.D.J.

-7-

The undersigned hereby consent to
the form and entry of this Order:

VIKAS KHANNA
Attorney for the United States Acting Under
Authority Conferred by 28 U.S.C. § 515

_____       Dated: 12/19/23
By:   KATHERINE M. ROMANO
      BARBARA A. WARD
Assistant United States Attorneys

_____       Dated: 12/19/2023
ALYSSA A. CIMIÑO, ESQ.
Attorney for Defendant
Nicco Romanowski

_____       Dated: 12/19/23
NICCO ROMANOWSKI, Defendant

# Exhibit A
# United States v. Nicco Romanowski

1. All funds on deposit in JPMorgan Chase account no. XXXXX2579, held in the name of Platinum Funding Associates, LLC (approximately $639,573.86);

2. All funds on deposit in JPMorgan Chase account no. XXXXX3192, held in the name of Platinum Funding Associates, LLC (approximately $125,874.22);

3. One 2015 Ferrari Berlinetta, VIN ZFF74UFA7F0209644;

4. One 2018 BMW X6, VIN 5YMKW8C53J0Y74493;

5. One 2019 Lamborghini Huracán, VIN ZHWUC2ZF0KLA11393;

6. One 2018 Dodge Caravan, VIN 2C4RDGCG0JR268292;

7. One 2018 Dodge Caravan, VIN 2C4RDGEG0JR223866;

8. One 2018 Dodge Caravan, VIN 2C4RDGCG4JR267145;

9. All funds and other property held or managed by Caxton Alternative Management A/K/A CAM Capital in the name of, or for the benefit of Nicco Romanowski, or any entity owned, managed, or controlled, in whole or in part, by Nicco Romanowski, including but not limited to Platinum Funding Associates, LLC, in any and all investments, loan transactions, dividends, and returns on investment; and

10. Any and all interest held by, in the name of, or for the benefit of Nicco Romanowski, or any entity owned, managed, or controlled, in whole or in part, by Nicco Romanowski, including but not limited to Platinum Funding Associates, LLC, in any and all investments, loan transactions, dividends, and returns on investment, in the following:

    (a) TVT Capital LLC;

    (b) C6 Capital, LLC;

    (c) ACH Capital LLC;

    (d) Worldwide Capital Management, Inc.;

    (e) Lendtek Capital Funding, LLC a/k/a Lendtek;

    (f) Stacked Capital;

 (g) Broad Street Capital Group;

 (h) Lilogy; and

 (i) Kalamata Capital Group LLC.